UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
CHAMAPUN SRIMAHARAJA,

                          Plaintiff,

              -against-                           **MEMORANDUM AND ORDER**
                                                     18 CV 4377 (ARR) (CLP)
A.J. THAT INC., et al.,


                       Defendants.
----------------------------------------------------------------X
**POLLAK**, United States Magistrate Judge:

       On August 2, 2018, plaintiff Chamapun Srimaharaja commenced this action against defendants A.J. Thai Inc., Achara Changtroraleke, and Patcharee Ruangkong (collectively, "defendants") alleging violations of the Fair Labor Standards Act's ("FLSA") provisions requiring compensation for minimum wages, 29 U.S.C. § 201 et seq., and violations of the spread of hours and wage notice provisions of the New York Labor Law ("NYLL") § 190 et seq. (Compl.[1] ¶¶ 1-2).

       The parties reached a settlement of this matter, the terms of which are set forth in a Settlement Agreement, filed with the Court. (See Sett. Agr.[2]). On December 7, 2018, plaintiff filed a letter motion[3] requesting that the Court approve the Settlement Agreement as fair and reasonable under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 207 (2d Cir. 2015). On January 14, 2019, the Court held a fairness hearing on plaintiff's motion. For the reasons set forth in this Order, the Court approves the parties' settlement as fair and reasonable.

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed August 2, 2018, ECF No. 1.
[2] Citations to "Sett. Agr." refer to the Settlement Agreement, dated December 7, 2018, ECF No. 13.
[3] On January 15, 2019, the parties consented to the undersigned for the purpose of this motion.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that she was employed as a "food runner and general laborer" for defendants' restaurant from July 2016 to June 19, 2018. (Pl.'s Mot.[4] at 1). Plaintiff claims she "worked various hours depending on the season and earned a fixed daily salary of $20 a day." (Id.) Plaintiff claims she regularly worked approximately 11.5 hours per day on Mondays, and that for some months she also worked 11.5 hours per day on Fridays and Saturdays as well. (Compl. ¶¶ 44-45). Plaintiff claims she was ostensibly employed as a food runner, but that she was also required to spend a "significant portion of her work day performing . . . non-tipped duties." (Id. ¶¶ 39-40).

The parties propose to settle the case for a total of $36,000. (Pl.'s Mot. at 2). Of that amount, plaintiff is to receive $23,745.20. (Id.) For the reasons set forth below, the Court approves the Settlement Agreement as fair and reasonable.

DISCUSSION

I.  Legal Standards

In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." Le v. Sita Info. Networking Computing USA, Inc., No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008); accord Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be

---

[4] Citations to "Pl.'s Mot." refer to plaintiff's letter Motion for Settlement Approval, dated December 7, 2018, ECF No. 13.

approved to "promote the policy of encouraging settlement of litigation"). Courts have identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *2 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky). Settlement at an early stage of the litigation "weighs in favor of approval, assuming the parties' agreement is fair." Arias v. 76 Taqueria No. 2 Corp., No. 15 CV 2410, 2017 WL 9482097, at *3 (E.D.N.Y. May 30, 2017) (citing Reyes v. Buddha-Bar NYC, No. 08 CV 2494, 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009) (noting that "the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation")).

II.   Settlement Amount

The parties propose a total settlement amount of $36,000, of which plaintiff will receive $23,745.20. (Pl.'s Mot. at 2). In reaching this settlement, plaintiff wishes to avoid the risks and expense of continued litigation and trial. (Id.)

Of the $36,000, plaintiff's counsel is to receive $12,254.80 in attorney's fees and costs, with $400 in costs to be deducted from the total amount of attorney's fees. (Id. at 4). The requested fees are more than counsel's lodestar of $4,029.00 and represent one-third of the total settlement amount. (Id.; Pl.'s 1/15/19 Ltr.). Courts in this district "have often approved requests

3

for attorneys' fees amounting to 33.3% of a settlement fund . . . ." Velazquez v. Digital Page, No. 11 CV 3892, 2016 U.S. Dist. LEXIS 84554, at *4 (E.D.N.Y. June 28, 2016) (citing Karic v. Major Automotive Companies, Inc., 09 CV 5708, 2016 WL 1745037, at *8 (E.D.N.Y. April 27, 2016)).

The Court finds that the settlement reached is a fair and reasonable compromise of plaintiff's claims, considering the amount received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in arms' length negotiations among experienced counsel sufficient to gain an understanding of the risks and benefits of proceeding with the litigation. Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335 (examining the factors courts consider when approving FLSA settlement agreements).

Having considered the various issues in dispute, the Court finds that the settlement amount is fair and reasonable and that the attorney's fees are also reasonable.

The parties shall file a stipulation of dismissal with prejudice by March 1, 2019.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED**.

Dated: Brooklyn, New York
February 1, 2019

/s/ Cheryl L. Pollak
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York